## WILLIE LEE DIXON *v.* STATE OF MARYLAND

[No. 589, September Term, 1969.]

*Decided October 6, 1970.*

The cause was argued before MURPHY, C.J., and ORTH and THOMPSON, JJ.

*J. H. Thomas, Jr.,* for appellant.

*Robert A. DiCicco, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Josef E. Rosenblatt, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Willie Lee Dixon killed Curtis McCullum by stabbing him in the head with a screwdriver.[1] Dixon told the police what happened. "I was driving a 59 Chevy, Blue & White, west on Ashland Ave. The car knock off on me at Ashland Ave. and Broadway. I got out of the car and pushed it around the corner. While pushing the car I struck another car in the rear, I believe it was a 1968 yellow Buick or Pontiac. After doing this I got out of the car, the owner of the car got out, and we Disscuss it. I told him that I didn't see Any damage done to the car but If there was any I would fix it, Becaused I work at John McCullough's Auto Repair. And that I would take him to see My boss and verify if any damage had been done, and I would fix it. After me and him settled this some fellow came out of a house where a woman was standing wearing a white dress. He asked me for my identification. I told Him buddy me and this man got it straightened out. He said Nigger what do you mean you've got this straightened out this is my car. Then he said I'm Going to bet your ass. He then struck Me in the face with his fist. I saw something in his hand, but I don't know what it was. When he swing at me I pulled a Screwdriver from my pocket and stabbed him but I don't know Where. And I then watch him till he fell. I then got Lucille out of the car [a girl in the car being pushed by Dixon] and walked down Broadway to Eager and went home." [2]

---

1. The report of autopsy gave as the manner of death "homicide—stabbed during altercation," and as the cause of death "stab wound of the head." The autopsy findings included among the diagnoses: "Penetrating wound of head (screwdriver) with penetration of brain" and it was the opinion of the Assistant Medical Examiner that McCullum "died of complications arising from a penetrating wound of the brain."

2. As appearing in a signed statement given by Dixon to the police and introduced in evidence by the State.

Dixon urges that his conviction of manslaughter by a jury in the Criminal Court of Baltimore should be reversed. He claims he is not culpable because the circumstances of the homicide make "a classic case of excusable self-defense," advancing this argument under the sole question presented—was the evidence sufficient to sustain the conviction. Our function is to determine whether the lower court erred in denying Dixon's motion for judgment of acquittal by applying the test set out in *Williams v. State*, 5 Md. App. 450. Accepting that Dixon became engaged in a sudden affray or combat, we have no difficulty in determining, even on Dixon's version of the affair, that the jury could have found that he did not necessarily, or under reasonably apparent necessity, kill McCullum by use of force which was not unreasonable or excessive to save himself from death or great bodily harm after retreating as far as he could with safety. See *Thomas v. State*, 9 Md. App. 94. Thus the court did not err in allowing the case to go to the jury and the jury's finding that Dixon was culpable may not be disturbed. Nor may we disturb the jury's determination that the crime committed by Dixon was manslaughter. By their verdict they obviously found that Dixon had killed without malice, see *Lindsay v. State*, 8 Md. App. 100, and we feel that the "Rule of Provocation" may have been properly invoked by the jury. We think the evidence was sufficient in law for the jury to find that the killing was intentional but upon provocation (the battery committed by the deceased), in a sudden heat of passion with a causal connection between the provocation, the passion, and the fatal act. See *Whitehead v. State*, 9 Md. App. 7. We note that "[t]o be adequate it is not necessary that the provocation would cause a reasonable man to commit intentional homicide but only that it would so inflame his passion as to tend to cause him for the moment to act from passion rather than reason—that is to tend for the moment to deprive a reasonable man of self control." Perkins, *Criminal Law*, 2nd Ed., p. 55. Applying the Rule, the homicide was manslaughter.

*Judgment affirmed.*